**Milton ENGEL and Elizabeth Engel, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 75–51 Erie.**

United States District Court,
W. D. Pennsylvania.

Sept. 19, 1975.

John P. Leemhuis, Erie, Pa., for plaintiffs.

Blair A. Griffith, U. S. Atty., Scott P. Crampton, Asst. Atty. Gen., Daniel J. Dinan, Archie Parnell, Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM ORDER

WEBER, District Judge.

This case is before the court on cross-motions for summary judgment.

Plaintiffs taxpayers filed joint returns for the tax years 1970, 1971 and 1972 on which the rental paid by plaintiff husband, a practicing physician, on his office space was claimed as a necessary and proper business expense under Sec. 162 of the Internal Revenue Code of 1954. Because these business premises had been the plaintiff husband's property and had later been conveyed to a Clifford trust for his children, the Internal Revenue Service disallowed this deduction and asserted a deficiency in plaintiffs' tax payments for the years in question. The rationale for this assertion was the government's theory that, as a matter of law, the grantor-taxpayer has himself created the obligation to pay the rent for his offices and that the creation of the trust and leaseback, when viewed as a single transaction, had no business purpose within the meaning of Sec. 162. The government cites in support of its position the recent case of *Perry et al. v. United States*, 520 F.2d 235 [4th Cir. 1975], and *Van Zandt v. Commissioner*, 341 F.2d 440 [5th Cir. 1965] on which the Fourth Circuit relied in *Perry*.

 The court finds that this case is controlled by the decision of *Brown v. Commissioner*, 180 F.2d 926 [3rd Cir. 1950] which held against the government on similar facts of this argument. As the *Brown* court noted, the plaintiffs in these cases remain obligated to pay rent for their business premises. Had the trustee of the property conveyed by plaintiff to the Clifford trust rented out this property to a third-party while the

**6**

plaintiff rented similar premises on the open market for the same rent, the tax consequences would be the same as the result here if the plaintiff's deduction is upheld. Any reduction of the plaintiffs' taxes which resulted from this packaged business arrangement has been sanctioned by Congress in Sections 671–678 of the Internal Revenue Service of 1954 which allow creation of Clifford trusts as income-splitting devices. The government cannot prevail on its motion for summary judgment in its favor.

■ While the government has moved for summary judgment in its favor under the. *Perry* and *Van Zandt* doctrines, it opposes plaintiffs' motion on the grounds that there are genuine issues of material fact. We find the issue of law to be controlled by the *Brown* decision in this circuit, and that as a matter of law the rent paid is a proper business deduction under Sec. 162. However, the government has questioned the reasonableness of the rental payments which plaintiff made to the trustee, and the independence of the trustee. Because there is nothing in the record on these points, they remain a material issues of fact to be determined by evidentiary hearing.

### ORDER

And now, this *19th day of September, 1975,* this case having come before the court on cross-motions for Summary Judgment, it is ordered that (1) The Motion of the United States for Summary Judgment is denied; (2) The Motion of Plaintiffs for Summary Judgment is granted in part under Fed.R.Civ. P. 56(d) in that the payment of rent by a taxpayer for a professional office to an independent trustee under a trust created by the taxpayer under Sections 671–678 of the Internal Revenue Code is a proper business deduction under Sec. 162 of the Internal Revenue Code. The reasonableness of the rental paid and the independence of the trustee remain as issues of material fact to be determined on evidentiary hearing.